UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
THOMAS JAMES O.,

                     Plaintiff,         <u>DECISION AND ORDER</u>
                                           1:24-cv-04635-GRJ

     v.

COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In April of 2018, Plaintiff Thomas James O.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application.  Plaintiff, represented by Osborn Law, P.C., Daniel Adam Osborn, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 10).

This case was referred to the undersigned on March 18, 2025. Presently pending is Plaintiff's Motion for Judgment on the Pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

No. 14). For the following reasons, Plaintiff's motion is due to be denied, and this case is dismissed.

## I.  BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on April 16, 2018, alleging disability beginning December 7, 2017. (T at 10, 13, 147).[2]  Plaintiff's application was denied initially and on reconsideration.  He requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on May 29, 2019, before ALJ Kimberly Shiro. (T at 35-64). On August 29, 2019, ALJ Shiro issued a decision denying the application for benefits. (T at 7-21).  The Appeals Council denied Plaintiff's request for review on August 18, 2020. (T at 1-6).

Plaintiff commenced an action in the United States District Court for the Southern District of New York seeking judicial review of the Commissioner's denial of benefits.  On February 8, 2022, the Honorable Katherine H. Parker, United States Magistrate Judge, entered an order remanding the matter for further administrative proceedings by stipulation of the parties. (T at 549).  The Appeals Council vacated ALJ Shiro's decision and remanded for a further hearing. (T at 552-53).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 11.

An administrative hearing was held on July 6, 2023, before ALJ Selwyn Walters. (T at 481-501). Plaintiff appeared with an attorney and testified. (T at 488-96). ALJ Walters also received testimony from Amy Vercillo, a vocational expert. (T at 497-500).

B.    ALJ's Decision

On March 20, 2024, ALJ Walters issued a decision denying the application for benefits. (T at 566-82). The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2023 (the date last insured) and did not engage in substantial gainful activity between December 7, 2017 (the alleged onset date) and the date last insured. (T at 571-72).

The ALJ concluded that, as of the date last insured, Plaintiff's degenerative disc disease and obesity were severe impairments as defined under the Act. (T at 572).

However, the ALJ found that, as of the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 572).

At step four of the sequential analysis the ALJ determined that, as of the date last insured, Plaintiff retained the residual functional capacity

("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: he must be permitted to alternate sitting and standing positions every hour for 10-minutes at a time throughout the day (while remaining at his workstation); he can occasionally climb ramps and stairs and occasionally stoop, kneel, crouch, and crawl; but cannot climb ladders, ropes, and scaffolds; and cannot work at unprotected heights or around dangerous heavy machinery or dangerous moving mechanical parts. (T at 573).

The ALJ concluded that, as of the date last insured, Plaintiff could not perform his past relevant work as a postal carrier. (T at 576).  However, considering Plaintiff's age (54 on the date last insured), education (at least high school), work experience, and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform as of the date last insured. (T at 577).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between December 7, 2017 (the alleged onset date) and December 31, 2023 (the date last insured). (T at 578).  ALJ Walters's decision is considered the Commissioner's final decision.

### C.    Procedural History

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on June 18, 2024. (Docket No. 1).  On December 5, 2024, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 14,15).  The Commissioner interposed a brief in opposition to the motion and in support of a request for judgment on the pleadings on January 29, 2025. (Docket No. 16).  On February 17, 2025, Plaintiff submitted a reply memorandum of law in further support of his motion. (Docket No. 17).

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard."  *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla"

and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.    *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last

for a continuous period of not less than 12 months ...."  42 U.S.C. §

423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a

five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.

> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503

(S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v),

416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III. DISCUSSION

Plaintiff asserts one primary argument in support of his request for reversal of the ALJ's decision.  He contends that the ALJ's conclusion that he retained the RFC to meet the standing and walking demands of light work is not supported by substantial evidence.

A claimant's "residual functional capacity" ("RFC") is his or her "maximum remaining ability to do sustained work activities in an ordinary work setting on a continuing basis."  *Melville*, 198 F.3d at 52 (quoting SSR 96-8p).

When assessing a claimant's RFC, an ALJ must consider medical opinions regarding the claimant's functioning and make a determination based on an assessment of the record as a whole. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.9527(d)(2) ("Although we consider opinions from medical sources on issues such as ...your residual functional capacity...the

8

final responsibility for deciding these issues is reserved to the Commissioner.").

As noted above, the ALJ determined that, as of the date last insured, Plaintiff retained the RFC to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: he must be permitted to alternate sitting and standing positions every hour for 10-minutes throughout the day while remaining at his workstation; he can occasionally climb ramps and stairs and occasionally stoop, kneel, crouch, and crawl; but cannot climb ladders, ropes, and scaffolds; and cannot work at unprotected heights or around dangerous heavy machinery or dangerous moving mechanical parts. (T at 573).

"The full range of light work requires intermittently standing or walking for a total of approximately 6 hours of an 8–hour workday, with sitting occurring intermittently during the remaining time." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir.2009).

For the following reasons the Court finds the ALJ's RFC determination is supported by substantial evidence.

First, the RFC determination is supported by medical opinion evidence.

Dr. John Fkiaras performed a consultative examination in May of 2018.  He diagnosed low back pain, found no sensory deficit, and reported that Plaintiff demonstrated full strength in his upper and lower extremities, with no evidence of muscle atrophy. (T at 211).  Dr. Fkiaras assessed moderate limitation in Plaintiff's ability to stand for prolonged periods and engage in repetitive heavy lifting, carrying, pushing, pulling, and bending. (T at 212).

Dr. R. Uppal, a non-examining State Agency review physician, opined that Plaintiff could stand and/or walk with normal breaks for 6 hours in an 8-hour workday, perform postural activities occasionally, and perform a range of light work. (T at 73-75).

Dr. Laiping Xie performed a consultative orthopedic examination in September of 2023.  Dr. Xie diagnosed low back pain. (T at 818).  Dr. Xie opined that Plaintiff had "mild to moderate" limitation with respect to prolonged standing, walking, climbing stairs, squatting, and bending. (T at 818).

The ALJ found the foregoing opinions generally persuasive and consistent with the RFC to perform a range of light work.  (T at 575-76). Plaintiff contends this conclusion is contrary to the consultative examiners' assessment of mild to moderate impairment in his ability to stand and walk.

Plaintiff's position is at odds with "a number of courts [that] have found… 'moderate' limitations for standing, walking, sitting, and lifting are consistent with the ability to do light work." *Jordan v. Comm'r of Soc. Sec*., No. 16-CV-9634 (KHP), 2018 WL 1388527, at *10 (S.D.N.Y. Mar. 19, 2018)(collecting cases); *see also Guzman v. Comm'r of Soc. Sec*., No. 21-CV-6538 (KHP), 2022 WL 3013108, at *6 (S.D.N.Y. July 29, 2022); *Lopez v. Berryhill*, 448 F. Supp. 3d 328, 345 (S.D.N.Y. 2020).

In addition, the ALJ's RFC determination is supported by a reasonable reading of the record and appropriate consideration of Plaintiff's activities of daily living (T at 573-76), including MRI studies with generally mild findings (T at 805, 814-15) and clinical findings of mildly diminished and/or full range of motion, intact sensation and strength, and no muscle atrophy. (T at 211, 223, 357, 387, 388, 416, 444, 706, 726, 752, 817). Plaintiff also reported the ability to care for his pet, drive, perform light chores, use public transportation, and shop. (T at 157-60).

Plaintiff offers an alternative reading of the record and a different weighing of the evidence.  However, for the reasons stated above, the Court concludes that the ALJ's decision is supported by substantial evidence and it must therefore be sustained under the deferential standard of review applicable here. *See DuBois v. Comm'r of Soc. Sec*., No. 20-CV-

8422 (BCM), 2022 WL 845751, at *8 (S.D.N.Y. Mar. 21, 2022)("To be sure, there is some evidence in the record that would support the conclusion that plaintiff had greater limitations than those the ALJ built into her RFC. But that is not the test."); *Brault v. SSA*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam)("The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude* otherwise.")(emphasis in original) (citation and internal quotation marks omitted).

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 14) is DENIED; the Commissioner is granted judgment on the pleadings; and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: April 2, 2025                *s/ Gary R. Jones*

GARY R. JONES
United States Magistrate Judge